UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  Case No: 5:19-cr-73-Oc-27PRL

MILLER WILSON, JR.
_____/

## ORDER

**BEFORE THE COURT** are Defendant Wilson's "Motion for Compassionate Release, per 18 U.S.C. 3582(c)(1)(A)" (Dkt. 211), and the United States' Motion to Dismiss for Lack of Jurisdiction (Dkt. 212). Upon consideration, Wilson's motion is **DENIED**, and the United States' motion is **DENIED as moot**.

Wilson stands convicted of conspiracy to defraud the United States and wire fraud (Count One) and solicitation and receipt of healthcare kickbacks (Count Two). (Dkt. 205 at 1). He was sentenced to 18 months imprisonment, followed by 3 years of supervised release. (Id. at 2-3). He seeks a sentence reduction based on what he contends are "extraordinary and compelling" circumstances. (Dkt. 211 at 4). He asserts that his life is "at grave risk, due to detention medical deficiencies," that he has "documented medical issues, of which the Bureau of Prisons continues to disregard," and that he qualifies as "'at risk' due to COVID-19." (Id. at 1-2). Specifically, he explains that he has a "documented blood disorder (which the VA treated) requiring he have 1-2 units of blood withdrawn every two weeks. The BOP refuses to provide the same treatment. The blood disorder (Polycytemia vera) left untreated as above, can cause aneurisms and strokes." (Id. at 2). The United States responds that Wilson's motion for compassionate release should be denied or dismissed due to his failure to exhaust administrative remedies. (Dkt. 212 at 4-5).

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek

1

compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the Bureau of Prisons (BOP) to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). As the United States correctly contends, Wilson fails to show that he has exhausted administrative remedies or that 30 days have elapsed since the warden received his request to bring a motion for compassionate release on his behalf. (Dkt. 212 at 4). He asserts that "[a]lthough [he] has submitted the request internally, out of an abundance of caution, he also presents this motion to the court, and claims futility doctrine." (Dkt. 211 at 3). However, he provides no documentation reflecting that he made the request or the date of the request. Accordingly, he has not satisfied § 3582(c)(1)(A), and his motion is due to be denied.[1] Even if Wilson has exhausted his administrative remedies, he has not shown an "extraordinary and compelling reason" warranting compassionate release.

While the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as

---

[1] Although the United States moves to dismiss Wilson's motion "for lack of jurisdiction," (Dkt. 212 at 1), the Eleventh Circuit has instructed that "Section 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). Additionally, Wilson does not support his contention that the futility doctrine is applicable. *See Sundar v. I.N.S.*, 328 F.3d 1320, 1326 (11th Cir. 2003) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." (quotation omitted)); *United States v. Onebunne*, No. 1:18-cr-92-TCB, 2020 WL 6689642, at *2 (N.D. Ga. Nov. 13, 2020) (rejecting application of futility doctrine based on BOP's purported denial of other requests for compassionate release). In any event, Wilson's conclusory assertion that he "claims futility doctrine" is insufficient. (Dkt. 211 at 3).

determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Wilson fall within these circumstances. First, although he asserts that he suffers from medical conditions, including a blood disorder, he does not provide documentation demonstrating that he suffers from a terminal illness or that his conditions substantially diminish his ability to provide self-care.[2] *See* (Dkt. 211 at 4); U.S.S.G. § 1B1.13, cmt. n.1. To the extent he contends that, "per CDC guidelines, [he is] 'at risk' due to COVID-19," (Dkt. 211 at 2), courts in this Circuit, with which I agree, have held that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020).

Additionally, Wilson does not qualify under the age-based criteria, and he has not presented family circumstances to justify compassionate release. Moreover, his circumstances do not warrant a sentence reduction under application note (D), especially when considering the factors listed in the BOP's Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last accessed April 28, 2021). In summary, Wilson's reasons are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13 and are, therefore, not consistent with the policy statement in § 1B1.13.

To the extent Wilson contends that district courts have discretion to determine whether a

---

[2] *See, e.g., United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition). Wilson also asserts that he is "being deprived of: a) recidivism reduction courses; b) visitation; c) proper grooming services (no barber shop); outside recreation time daily; phone time (more then [sic] 2-3 x's per week); email access daily; any and all exercise equipment access; and is also denied hot meals in the mornings (as required by BOP)." (Dkt. 211 at 5). These assertions do not establish an extraordinary and compelling circumstance warranting compassionate release.

3

defendant has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13, courts in this Circuit, also with which I agree, have rejected that contention.[3] Even if district courts have discretion to independently determine what constitutes an extraordinary and compelling reason, Wilson has not established a basis to warrant compassionate release. *See Harris*, 989 F.3d at 912 n.2 (noting that the Court "need not and do[es] not reach the issue of whether the district court was required to consider § 1B1.13 n.1. If the court was required to, it did. If it was not required to, it nonetheless independently considered and rejected [the defendant's] reasons as not 'extraordinary and compelling.'"). Last, even if extraordinary and compelling reasons exist, the § 3553(a) factors do not weigh in favor of Wilson's release.[4]

Accordingly, Wilson's motion for compassionate release is **DENIED**. (Dkt. 211). The United States' motion to dismiss Wilson's motion is **DENIED as moot**. (Dkt. 212).

**DONE AND ORDERED** this 29th day of April, 2021.

*[signature]*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[3] *See, e.g., United States v. Plowright*, No. CR 107-167, 2020 WL 3316989, at *2 (S.D. Ga. June 18, 2020) ("[T]his Court will not consider circumstances outside of the specific examples of extraordinary and compelling reasons to afford relief."); *see also United States v. Griffin*, 815 F. App'x 503, 504 (11th Cir. 2020) (noting that district courts must "find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

[4] These factors aid the court in imposing a sentence that is "sufficient but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 181-82 (11th Cir. 2019) (citation omitted). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809, 812 (11th Cir. 2020) (citations omitted). The circumstances of Wilson's offense do not weigh in favor of release. The record reflects that he used his official position at a VA clinic to lead a conspiracy to award transportation assignments for personal gain and solicited and received kickbacks and bribes. (Dkt. 196 ¶ 43). Reducing his sentence, therefore, would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, or adequately deter criminal conduct in the future.